# STEINBERG, FINEO, BERGER & FISCHOFF P.C.

ATTORNEYS AND COUNSELORS AT LAW

40 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797
516-747-1136
FAX: 516-747-0382

STUART M. STEINBERG
FRANCIS G. FINEO
HEATH S. BERGER*
GARY C. FISCHOFF**

JAMES E. BRANDT
MICHAEL A. D'EMIDIO
DAVID A. FRIEDMAN
LAURIE SAYEVICH HORZ**
ERIC JURIST
SEAN R. LASKY**
FRANK A. RACANO****
VINCENT RENDA*****
STEVEN E. SHUMER****
SHARON D. SIMON
HARRY R. THOMASSON, JR.***
BIANCA M. WORDEN**

OF COUNSEL:

ROBERT A. CLINARD
DANA J. FINKELSTEIN, LLC****
RICHARD A. FOGEL**
LAWRENCE KATZ
MATTHEW KREINCES
BRIAN NOVAK

*     ALSO ADMITTED IN DISTRICT OF COLUMBIA
**    ALSO ADMITTED IN NEW JERSEY
***   ALSO ADMITTED IN MASSACHUSETTS
****  ALSO ADMITTED IN CONNECTICUT
***** ALSO ADMITTED IN CALIFORNIA

July 27, 2006

Hon. Michael L. Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

Re: Caronia v. Hustedt Chevrolet et al CV 05-3526
    Estate of Levy v. Hustedt Chevrolet et al. CV 05-4832
    Ventimiglia v. Hustedt Chevrolet et al. CV 05-4149
    Pratt v. Hustedt Chevrolet et al. CV 05 4148
    Weiss v. Hustedt Chevrolet et al. 05-4230

Dear Judge Orenstein:

As Your Honor is aware, this office represents the Plaintiffs with respect to the above referenced actions. This letter is respectfully submitted in opposition to the July 26, 2006 letter submitted to this Court by Milman & Heidecker requesting leave to file a motion for discovery sanctions pursuant to Rule 41 of the Federal Rules of Civil Procedure on behalf of the Hustedt Defendants (hereinafter referred to as "Defendants"). Respectfully, the court should deny the Defendants' application as it is unwarranted and meritless.

To our extreme dismay, although the Defendants have been in possession of the Plaintiffs' supplemental discovery responses for nearly a month, they now ask permission to move for sanctions without observing their obligations under FRCP Rule 37 to confer with our office and resolve any issues they felt were outstanding, and also without observing their obligations under Local Rules 26.5 (regarding cooperation between

counsel) and 37.3 (regarding attempts to resolve discovery disputes without court intervention). We timely complied with this Court's order to serve supplemental discovery responses by June 30, 2006.[1] Literally hundreds of pages of documents were produced in those supplemental responses. If a particular response was not supplemented, it was because the Plaintiffs did not have responsive documents.[2] With regard to many demands, the Plaintiffs' responses set forth the belief that responsive documents are in the possession of the Defendants, and each Plaintiffs' response evinces the intention to supplement in the event that the Plaintiffs obtain additional responsive documents in the course of discovery. The Defendants' application misleadingly characterizes the Plaintiffs' responses, and it should properly be denied.

It is not true that Ms. Caronia has "objected to or refused to provide documents which support her claims of sexual harassment," nor has she "refused" to provide documents related to the former personal relationship between her and Mr. Chalom. She has produced such documents as are in her possession (properly reserving the right in many cases to supplement if she should obtain other documents during the course of discovery) and with regard to the sexual harassment claim, she had already produced several witness statements and supplemented same with a copy of an audio tape containing relevant conversations. The audio tape copy provided to Defendants has the same contents as the tape in the possession of the Plaintiff.[3] If the Defendants have questions concerning that tape, our office would have been happy to answer same to the best of our ability. Moreover, we believe these questions would have been more appropriately addressed to Ms. Caronia at her deposition than in an improper application to move for sanctions.

Contrary to the Defendants' specious allegations regarding the adequacy of Ms. Caronia's responses, she has produced substantial medical and prescription records in support of her disability claims, and other responsive documents. As the Court is aware, "smoking gun" evidence often is not available in discrimination claims, and, while discovery is ongoing, it is anticipated at this time that much supporting evidence in this matter will be in the form of oral testimony, rather than documents. Ms. Caronia has also cooperated by producing other voluminous documentation including but not limited to documents relating to her search for employment, her current employment, and her personal financial information for more than a ten year period encompassing time frames not even in issue in this litigation. The Plaintiffs have preserved certain relevancy and other objections which may be appropriate at trial, but responded to discovery in as complete a manner as they were able to do.

The Pratt, Levy, Weiss, and Ventimiglia supplemental responses similarly produce documents in the possession of those Plaintiffs. Notwithstanding Defendants' improper

---

[1] Solferino and Solferino, the attorneys representing Jones & Little and Thomas Jones, were additionally served with both the initial discovery responses and the supplemental responses.
[2] As the Defendants are aware, the Plaintiffs' initial responses stated, in many cases, that responsive documents would be produced at such time as the parties entered into an appropriate Confidentiality Stipulation. The Court entered such an Order at the June 23, 2006 conference, and documents were accordingly produced in the supplemental responses served on June 30, 2006.
[3] It is believed at this time that the Defendants' application is motivated by certain damaging conversations and statements which can be heard on the tape and which materially affect the Defendants' defenses.

speculation that the Levy medical records "may or may not constitute total production," they have acknowledged their receipt of said records, and the Court is advised that all records obtained were in fact, produced. Contrary to the Defendants' assertion that "no other responsive documents were produced," the Levy responses contain W-2 forms and tax returns. Mr. Pratt has produced evidence of his earnings and compensation during and after his employ by the Hustedt Defendants and he <u>specifically responded that he was not in possession of his tax returns but was making efforts to obtain same at which time they would be produced.</u> Mr. Weiss has produced such documents as are in his possession, as has Mr. Ventimiglia, which include bonus and earnings information from before and after his employment with Defendants. We ask that the Court please disregard all such speculative accusations made by Defendants as the allegation that the Plaintiffs failed to produce documents relating to their respective job searches. The Plaintiffs have produced what they have. It is also believed that more evidence in support of the Plaintiffs' claims may come into their possession after the Defendants provide full and appropriate responses, and any such documents will be identified by the Plaintiffs at that time.

The Defendants' application is surprising and disconcerting to say the least in light of the discovery responses belatedly served just last week by the Hustedt Defendants, which interpose the very same types of objections reserved by the Plaintiffs, and moreover, refuse to produce such basic information as documents identifying who replaced the Plaintiffs in their positions. Responses from Defendants Jones & Little and Thomas Jones are overdue at this time; counsel for those Defendants requested a lengthy extension of time after receiving a letter from our offices reminding them of their obligation to respond, and then represented that they will serve responses by the end of this week. We had been in the process of finalizing a letter to Milman & Heidecker objecting to their clients' discovery responses and requesting supplementation of same when their July 26, 2006 application came to our attention.

The Defendants' application sets forth a misleading and incomplete characterization of the responses served to date by the Plaintiffs. Furthermore, the nature of the Defendants' responses to date and their failure to consult with our offices prior to making their application indicate improper strategical motivations for the application. Respectfully, this Court should deny the Defendants' application in its entirety as it is unwarranted and meritless. In the alternative, in the event that this Court grants the Defendants' application to make a discovery motion, the Plaintiffs seek leave to Cross-move for appropriate relief. We thank the Court for its courtesy and consideration in this matter and respectfully await the Court's decision.

        Very truly yours,
        Steinberg, Fineo, Berger & Fischoff, P.C.

        By /s/ Sharon Simon
         Sharon Simon (SDS 5323)

Cc: Harry Thomasson, Esq.
  Milman & Heidecker
  Solferino & Solferino, LLP