**Milman & Heidecker**
Attorneys at Law
**3000 Marcus Avenue**
**Suite 3W3**
**Lake Success, New York  11042**

**Telephone (516) 328-8899**
**Facsimile (516) 328-0082**

| | |
|---|---|
| **Lawrence I. Milman** | **Michael J. Mauro** |
| **Perry S. Heidecker** | **Matthew J. Mehnert** |
| **Robert F. Milman** | **Jamie S. Felsen** |
| **Richard I. Milman** | |
| **Joseph M. Labuda** | |

*VIA ECF*

Author's Direct E-Mail Address:
perryheidecker@mhlaborlaw.com
Author's Direct Dial:
(516) 303-1440

September 21, 2006

Hon. Michael L. Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
L.I. Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4449

> **Re:** **Caronia v. Hustedt Chevrolet, et al. – Docket No. CV-05 3526**
> **Estate of Levy v. Hustedt Chevrolet, et al. – Docket No. 05-CV-4832**
> **Ventimiglia v. Hustedt Chevrolet, et al. – Docket No. 05-CV-4149**
> **Pratt v. Hustedt Chevrolet, et al. – Docket No. 05-CV-4148**
> **Weiss v. Hustedt Chevrolet, et al. – Docket No. 05-CV-4230**

Dear Judge Orenstein:

This office represents the Defendants, Hustedt Chevrolet, Hustedt Chevrolet, Inc., Hustedt Chevrolet West, Hustedt Chevrolet West, Inc., Hustedt Hyundai, Hustedt Hyundai, Inc., Charles Chalom and Monique Chalom in the above-referenced matters. The Court has scheduled a conference in this matter for September 25, 2006 to resolve various discovery issues which have arisen in this matter.

On September 18, 2006, counsel for Plaintiffs wrote the Court seeking an extension of the discovery schedule in this matter and calling attention to alleged deficiencies in Defendants' compliance with discovery requests in this matter.  In an effort to resolve any outstanding issues with regard to document discovery in these matters without the intervention of the Court, this office wrote to Plaintiff's counsel on September 19, 2006 and offered to make available for inspection and copying <u>all</u>

Hon. Michael L. Orenstein, U.S.M.J.
September 21, 2006
Page 2 of 3

documents which Plaintiffs still seek in this matter. Further, Defendants offered to waive their meritorious objections with regard to the production of these items.[1]

The only documents which Defendants have withheld are the "deal jackets" in this matter. These "deal jackets" contain the necessary documentation for every sale that has occurred at the three (3) named automobile dealerships over the last five (5) years. To produce, even for inspection and copying, these items would require the production of literally millions of documents, none of which have any relevance to the foregoing matters. However, Defendants have agreed to make these documents available for inspection in the event that a review of the financial records reveals a specific question about a specific "deal jacket."

The offer made by Defendants more than satisfies their discovery obligations and resolves all outstanding document discovery issues. Plaintiffs have failed to provide any response. Plaintiffs have been presented with a viable solution to all discovery issues in this matter and have provided absolutely no response to this offer. If Plaintiffs truly wished to resolve discovery matters in these cases, as they profess, there is no reason to fail to respond to this offer. Given Plaintiffs conduct throughout the course of discovery in these matters, it is not surprising that they have chosen to ignore this offer without justification.

Defendants believe that, in light of their offer, there is no reason to move forward with the September 25, 2006 conference since there remains no outstanding issues relating to document discovery. Defendants would concur with Plaintiffs that an extension of the discovery schedule in this matter is appropriate given the volume of documents which are being produced. In addition, given Plaintiffs' highly prejudicial conduct in refusing to engage in discovery for more than six (6) months during this matter, an extension of time would remedy the resulting prejudice to Defendants. Finally, in light of the high volume of documents, it will be physically impossible for Defendants to bring with them all such items pursuant to the Court's order. Because Defendants have offered to produce these items, it would further be unnecessary to bring the documents to the courthouse because there is no controversy regarding production of said documents.

Thank you for your attention to this matter.

Very truly yours,

**MILMAN & HEIDECKER**

/s/_____
Perry S. Heidecker (PH 6955)

---

[1] A copy of this letter as well as the facsimile confirmation is attached hereto as Exhibit "A."

Hon. Michael L. Orenstein, U.S.M.J.
September 21, 2006
Page 3 of 3


Cc:    Harry Thomasson, Esq.
        Thomas Solferino, Esq.
        John Napolitano, Esq.
        Charles Chalom

Case 2:05-cv-03526-DRH-ARL  Document 34  Filed 09/21/06  Page 3 of 3 PageID #: 157