**Milman & Heidecker**
Attorneys at Law
3000 Marcus Avenue
Suite 3W3
Lake Success, New York  11042

Telephone (516) 328-8899
Facsimile (516) 328-0082

**Lawrence I. Milman**                                    **Michael J. Mauro**
**Perry S. Heidecker**                                    **Matthew J. Mehnert**
**Robert F. Milman**                                      **Jamie S. Felsen**
**Richard I. Milman**
**Joseph M. Labuda**

*VIA ECF*

Author's Direct E-Mail Address:
perryheidecker@mhlaborlaw.com
Author's Direct Dial:
(516) 303-1440

November 1, 2006

Hon. Michael L. Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
L.I. Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4449

      Re:     Caronia v. Hustedt Chevrolet, et al. – Docket No. CV-05 3526
               <u>Weiss v. Hustedt Chevrolet, et al. – Docket No. 05-CV-4230</u>

Dear Judge Orenstein:

      This office represents the Defendants, Hustedt Chevrolet, Hustedt Chevrolet, Inc., Hustedt Chevrolet West, Hustedt Chevrolet West, Inc., Hustedt Hyundai, Hustedt Hyundai, Inc., and Charles Chalom ("Defendants") in the above-referenced matters. This letter is in response to a letter which we received earlier today regarding further discovery issues which linger in these matters.

      One initial point is worth reiterating at this time. Plaintiffs once again claim that Defendants have been dilatory and obstructed discovery in this matter. Such a claim is utterly outrageous and offensive. Plaintiffs conveniently forget that they failed to provide any responses to Defendants' discovery demands for nearly six (6) months, necessitating court intervention. Moreover, Plaintiffs have recently served a brand new request for documents upon Defendants on October 30, 2006, a copy of which is attached as Exhibit "A." This request seeks documents well beyond the scope of prior discovery and in fact

Hon. Michael L. Orenstein, U.S.M.J.
November 1, 2006
Page 2 of 4

seeks document wholly irrelevant to the instant proceedings.[1] This is the most recent in a long line of dilatory tactics on the part of Plaintiffs. Since the September 25, 2006 conference, they have served at least two (2) substantial document requests in letter form which seek additional items for the first time. Additionally, Plaintiffs commenced inspection of various financial records at an off-site storage facility adjacent to the premises of Hustedt Chevrolet, Inc. on October 12, 2006. Despite the availability of countless records, Plaintiffs have chosen to delay further inspection beyond that day in favor of seeking additional documents that they had never previously requested. To date, Plaintiffs have not continued their inspection of these records, despite their continuing availability for that purpose. This office has on multiple occasions notified Ms. Simon that the records are available, yet she continues to further delay discovery in favor of letters to the Court.

Despite their own contumacious conduct during discovery, Plaintiffs now claim that Defendants "have made it very difficult for the Plaintiffs to prepare for the depositions of the Defendants." Defendants are well aware of their discovery obligations as well as their obligations under the Court's ruling on September 25, 2006. To the extent that they possess documents responding to specific requests, they have produced everything in their possession.

In an attempt to muddy the waters and further delay the timely resolution of this case, Plaintiff's counsel makes reference to a letter she received from John Napolitano, Esq., who is co-counsel in the Levy matter and represents the Defendants in other matters. However, Ms. Simon again conveniently omits any details from her letter that would allow the Court to understand the current situation. On October 25, 2006, this office received a letter from Ms. Simon relating to alleged improper conduct on the part of Mr. Napolitano to which she intended to file a grievance. Attached to this letter to my office was a letter written by Ms. Simon to Mr. Napolitano regarding this same topic. Unfortunately, my office never received this attachment because of transmittal errors and Ms. Simon has specifically refused to provide a copy of that letter to my office without justification. In this letter, a copy of which is attached as Exhibit "B," Ms. Simon threatens Mr. Napolitano with a complaint to the disciplinary committee for engaging in, what this office later learned, was the filing of an order to show cause against the Suffolk County District Attorney's Office in the Supreme Court of the State of New York, Suffolk County for failing to bring the allegations of Josephine Caronia's larceny before the grand jury.

Mr. Napolitano's conduct was wholly proper and did not involve Ms. Simon or her client, who is not a party to that action. Yet, Ms. Simon has taken it upon herself to inappropriately threaten a fellow member of the bar with disciplinary action for engaging in lawful conduct. This, in and of itself, constitutes unethical conduct on Ms. Simon's

---

[1] In addition, this request takes the improper format of a letter when a formal request is necessary under the Federal Rules of Civil Procedure.

Hon. Michael L. Orenstein, U.S.M.J.
November 1, 2006
Page 3 of 4

part. Not surprisingly, she has failed to include a copy of her letter to this Court while offering a summary of Mr. Napolitano's response.

In addition, Ms. Simon raises an issue regarding the relevant time period for discovery in this matter. The Court, during the September 25, 2006 conference, specifically ordered the relevant time period to be five (5) years, dating back from the date of Ms. Caronia's separation from employment with Defendants. Plaintiffs have sought, through their October 16, 2006 letter to obtain discovery post-dating Ms. Caronia's departure from the Defendants' employ. Additionally, she now attempts to obtain discovery for the year 1999. While it is true that Ms. Caronia is accused of unlawful conversions dating back to 1999, Plaintiffs have not limited their discovery requests to items relevant to the conversion causes of action. Instead, they have sought discovery of the entire financial condition of each Defendant during that year, in addition to the five (5) years already provided for by the Court. Quite simply, Plaintiffs have again sought overly broad requests, which has left the Defendants no choice but to rely on the Court's ruling. Given the clear ruling of the Court on September 25, 2006, Defendants do not believe that any extension of the relevant time period is necessary.

On the third page of Plaintiffs' letter to the Court, Plaintiffs seek documents regarding summaries of finance reserve payments and payments from General Motors Protection Plan contracts during Plaintiff Weiss' employment. As the Court is aware, during the course of the September 25, 2006 conference, this office represented that there were literally hundreds of thousands of documents which were encompassed in the requests for documents made by the Plaintiffs. The documents which respond to this issue are located within the body of various, much more extensive, documents. Plaintiffs seek to force Defendants to create a summary document so that they do not have to look through the general ledgers and financial statements to obtain this information on their own. However, the Federal Rules of Civil Procedure do not require a party to create a document which would make discovery easier. Where a party does not already possess a summary document, they are not obligated to provide one to an adverse party. Despite this clear rule of law, Plaintiffs seek to have the Court order that Defendants do exactly that. This office informed Plaintiffs' counsel that there were no summary documents in the Defendants' possession and that the request would require the creation of a new document. Clearly, such an unfounded request is inappropriate and should be denied by the Court.

As a final note, Defendants requested that Plaintiffs furnish them with dates of availability for depositions on October 24, 2006. Ms. Simon represented that she would do so on October 30, 2006 after speaking with her clients. However, Plaintiffs have yet to provide any such dates, which prejudices Defendants in their ability to conclude discovery in this matter by the Court-ordered deadline of December 11, 2006. Such conduct is just further evidence of Plaintiffs dilatory tactics in these matters and should not be tolerated any further.

Hon. Michael L. Orenstein, U.S.M.J.
November 1, 2006
Page 4 of 4

       Thank you for your attention to this matter.

                           Very truly yours,

                           **MILMAN & HEIDECKER**

                           /s/_____
                           Perry S. Heidecker (PH 6955)

Cc:    Thomas Solferino, Esq.
        John Napolitano, Esq.
        Charles Chalom