UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPHINE CARONIA,

                Plaintiff,

   -against-

HUSTEDT CHEVROLET, HUSTEDT CHEVROLET,
INC., HUSTEDT CHEVROLET WEST, HUSTEDT
CHEVROLET WEST INC., HUSTEDT HYUNDAI,
HUSTEDT HYUNDAI, INC., and CHARLES
CHALOM, individually and in his official capacity as
owner and/or agent of Hustedt Chevrolet, Hustedt
Chevrolet, Inc., Hustedt  Chevrolet West, Hustedt
Chevrolet West, Inc., Hustedt Hyundai, and Hustedt
Hyundai, Inc., THOMAS JONES, JONES & LITTLE,
CPA'S, P.C. and JOHN DOES 1-20

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No.  05-3526
(DRH)(MLO)

**APPEARANCES:**

**Steinberg, Fineo, Berger & Fischoff, P.C.**
Attorneys for Plaintiff
401 Broadhollow Road, 4th Floor
Melville, New York 11746
By:    Sharon D. Simon, Esq.

**Milman & Heidecker**
Attorneys for Hustedt Defendants
3000 Marcus Avenue, Suite 3003
Lake Success, New York 11042
By:    Perry S.  Heidecker, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff Josephine Caronia ("Plaintiff") commenced this action on July 27, 2005,

alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in

Employment Act and the Americans with Disabilities Act by Defendants Hustedt Chevrolet,

Hustedt Chevrolet, Inc., Hustedt Chevrolet West, Hustedt Chevrolet West, Inc., Hustedt Hyundai, Hustedt Hyundai, Inc. and Charles Chalom (collectively the "Hustedt Defendants").[1] On October 3, 2005, Hustedt Defendants filed an answer asserting counterclaims against Plaintiff accusing her of financial misconduct.

Presently before the Court are the objections by Hustedt Defendants to an Order, dated June 20, 2007, by Magistrate Judge Orenstein precluding them from using any documents not produced by June 19, 2007 which are claimed to support the counterclaims alleging financial misconduct by Plaintiff. For the reasons set forth below, the objections are denied except to the extent that Hustedt Defendants shall be given an opportunity to depose Plaintiff on the counterclaim.

**Background**

Plaintiff was employed as a controller by the Hustedt Defendants from sometime in 1991 through February 8, 2005. Hustedt Defendants accuse Plaintiff of theft dating as far back as 1999. While they steadfastly insist the Plaintiff stole between $800,000.00 and $1,000,000.00, Hustedt Defendant have physical proof allegedly supporting only $145,000.00. Despite discovery demands therefor and an Order by Judge Orenstein, as of November 16, 2006, more than one year after the assertion of their counterclaims, Hustedt Defendant were unable to produce support for any defalcation beyond $145,000.

On November 16, 2006, Judge Orenstein entered two Orders.[2] First, Judge Orenstein,

---

[1] The complaint also contains negligence and breach of contract causes of action against Jones and Little, CPA's, P.C., the accounting firm used by the Hustedt Defendants, and Thomas Jones, a principal of that firm.

[2] No appeal was taken from these Orders.

having been advised that the Hustedt Defendants had filed allegations of theft against Plaintiff with the Suffolk County District Attorney, severed and stayed discovery on the counterclaim pending action by the District Attorney. Second, Judge Orenstein directed Hustedt Defendants to appear on December 15, 2006 and disclose any proof of financial misconduct in excess of the $145,000.00. At the December 15, 2006 conference, Hustedt Defendants failed to supply any such proof. Thereafter, Judge Orenstein issued at least two more Orders directing Hustedt Defendants to produce any and all proof supporting misconduct above the $145,000. Hustedt Defendants concede that despite Judge Orenstein's "repeated" directions, no proof above the $145,000.00 was produced.

On June 20, 2007, Judge Orenstein entered an Order (1) extending the stay of discovery on Hustedt Defendants' counterclaims; and (2) precluding Hustedt Defendants from using any documents on a hearing, motion or trial further documents, not produced by June 19, 2007 (i.e. documents beyond the $145,000) which are claimed as support of its counterclaims alleging financial misconduct. According to the Order it "is based upon such defendants' failure to produce such documents."

**Discussion**

**I. Standard of Review**

This Court reviews a Magistrate Judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters generally are considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Sanctions imposed pursuant to Rule 37 of the Federal Rules of Civil Procedure for noncompliance with

discovery orders are typically within the discretion of the court and reviewed under the "clearly erroneous or contrary to law" standard. *See Hoar*, 900 F.2d at 55.

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Some discovery sanctions are considered case dispositive requiring de novo review. *Hoar,* 900 F.2d at 55. *See also Amer. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90-91 (S.D.N.Y. 2002) (noting split on the standard of review for sanctions that affect a party's ability to assert a particular claim or defense). Given that Judge Orenstein's Order precludes the assertion of Hustedt Defendants' counterclaim in excess of $145,000 and given that Hustedt Defendants would be precluded under the doctrine of "claim splitting" from asserting a claim for any additional amounts in a separate action, the Order at issue should be considered dispositive and reviewed under a de novo standard. *Cf. id.* at 90-93.

**II. The Merits**

Hustedt Defendants summarize their position on this appeal as follows: "Magistrate Judge Orenstein issued his preclusion order because the Defendants couldn't produce proof of their claims of theft over and above $145,000 before any discovery had been conducted on these

4

claims . . . . The incontrovertible fact that the Court blocked discovery on the counterclaims and then punished the Defendants for being unable to produce proof in support of their counterclaims simply defies logic, fairness or any semblance of due process." Aff. of Perry S. Heidecker, dated August 22, 2007, at ¶¶ 16-17. The Court is underwhelmed by Hustedt Defendants' argument.

First, Judge Orenstein did not issued a stay of discovery on the counterclaim until November 16, 2006. Thus, Hustedt Defendants had more than one year to conduct discovery of Plaintiff with respect to the counterclaims before the stay was issued.

Second, despite the stay, Hustedt Defendants still had access to their own records and had ample time and opportunity to examine these records for evidence to support their claim of theft. Given the largess of the claimed financial misconduct, it was certainly reasonable for Judge Orenstein to presume that Hustedt Defendants' own records would contain some supportive evidence of the allegations.[3]

However, there is evidence that, even excluding the proceeds from the sale of her home, Plaintiff's bank account records for the four years leading up to her departure indicate deposits substantially in excess of her after tax income. Given this evidence, coupled with the recognition that the means of defalcation utilized by those overseeing the funds of others may be difficult to detect from a post-offense record review, the Hustedt Defendants shall be given the opportunity to depose the Plaintiff on the counterclaim. If the deposition fails to yield sufficient evidence to support the counterclaim in excess of $145,000, the preclusion order shall stand.

Finally, the Court is compelled to note that, having reviewed all the filed transcripts of the

---

[3] Hustedt Defendants have asserted that Plaintiff destroyed records resulting in their inability to produce evidence to support their claims. Those assertions were largely rejected by Judge Orenstein after an evidentiary hearing held on March 22 and 27, 2007.

proceeding before Judge Orenstein, in the event Hustedt Defendants' discovery conduct continues in the vein that it has thus far, the Court will consider affirming the preclusion order even if the deposition of Plaintiff provides sufficient support for a counterclaim in excess of $145,000.00.

## Conclusion

The objections are upheld to the extent that Hustedt Defendants shall be permitted to depose Plaintiff on the counterclaim. In the event the deposition provides sufficient support to sustain the counterclaim in excess of $145,000, Defendants shall be permitted to re-apply for vacatur of the preclusion order.

**SO ORDERED.**

Dated: Central Islip, New York
       December 26, 2007

/s/
Denis R. Hurley
Senior District Judge