# MILMAN LABUDA LAW GROUP PLLC

3000 MARCUS AVENUE
SUITE 3W3
LAKE SUCCESS, NEW YORK 11042

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

**Via ECF & First Class Mail**

September 4, 2009

Hon. Michael L. Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4449

Re:     Caronia v. Hustedt Chevrolet, et al. – Docket No. CV-05 3526
           Pratt v. Hustedt Chevrolet, et al. – Docket No. 05-cv-4148
           Ventimiglia v. Hustedt Chevrolet, et al. – Docket No. 05-cv-4149

Dear Judge Orenstein:

      This firm represents the Defendants in the above referenced matters. This letter is submitted pursuant to Your Honor's instruction that Defendants show cause "why their portion of the proposed joint pre-trial order was not filed on August 17, 2009 as was directed by [the] Court on August 12, 2009."

      It is critical to detail the chronology of the relevant orders and requests governing the filing of the proposed joint pre-trial order.

      By Order dated April 16, 2009, (Docket # 42) the Court set the following schedule for the filing of joint pre-trial order:

- May 22, 2009 – Plaintiffs <u>serve</u> their proportion of the proposed joint pre-trial order upon defendants.

- June 8, 2009 – Defendants <u>serve</u> their portion of the proposed joint pre-trial order upon Plaintiffs.

- June 22, 2009 – Attorneys for respective parties are directed to <u>file</u> the join pre-trial order with the Court.

On April 27, 2006, <u>Plaintiffs</u> submitted a request to the Court to extend their time to serve Defendants with their portion of the proposed joint pre-trial order. (Docket # 43.) The request asked that the scheduling order of April 16, 2009 be modified as follows:

- Plaintiffs' service upon Defendants scheduled for May 22, 2009 be extended to June 22, 2009

- Defendants' service upon Defendants scheduled for June 22, 2009 be extended to July 22, 2009

The Court granted Plaintiffs' request on April 29, 2009. (See Docket #45.)

On June 17, Plaintiffs submitted a second request to the Court (Docket #47) to extend their time to serve Defendants with their portion of the proposed joint pre-trial order. The request asked that the scheduling order of April 29, 2009 be modified as follows:

- Plaintiffs' service upon Defendants scheduled for June 22 be extended to July 13.

- Defendants' service upon Plaintiffs scheduled for July 22 be extended to August 12.

The Court granted the request on June 22, 2009. (See Docket #48.)

On August 11, 2009, Defendants submitted a request to the Court to extend its time to <u>serve</u> Plaintiffs with their portion of the proposed joint pre-trial order. (Docket # 57).

On August 12, 2009, the Court granted Defendants' request to <u>serve</u> the Plaintiffs. (Docket # 58.)

On August 17, 2009, Defendants mailed their submissions to Plaintiffs via U.S. Mail.

The first fact to note is that the Court's order dated August 12, 2009 did not instruct the Defendants to file their proposal for the joint pre-trial order with the Court. Rather, it was an endorsement of Defendants' request to modify its time to <u>serve</u> Plaintiffs with their proposal. Since the Court did not order the Defendants to file their proposal with the Court on August 17, 2009, as the Court states in its order dated September 2, 2009, Defendants respectfully submit that they have not violated an Order of the Court.

The second fact to be noted is that the Court's original Order of April 16, 2009, directed the parties to <u>serve</u> each other on the specified dates, not file. The Order also directed the parties to <u>file</u> the proposed joint pre-trial order with the Cour two weeks after

Defendants served Plaintiff. It is more than reasonable to assume that the subsequent modifications to the order did not modify the portion of the Order directing that the joint proposal be <u>filed</u> with the Court two weeks later. Indeed, the aforementioned letters and Orders are silent. Therefore, Defendants believed that the Court's order in that respect remained intact.

The purpose of the two week time is for the Plaintiffs and Defendants to confer about each others' proposals to arrive at a final product to file with the Court. For example, Judge Hurley's Individual Rules require, *inter alia*, that the proposed joint pre-trial order contain "stipulations of law and/or facts that are agreed upon by the parties" and notations of objections to proposed exhibits. The parties are supposed to confer about these items in order to remove frivolous or misunderstood matters from the joint proposal to enable the Court to conduct the trial in the most efficient way. And they are supposed to confer with who will file the integrated document. Plaintiffs did not contact Defendants subsequent to August 17, 2009 for the purpose of conferring about Defendants' proposal for the joint pre-trial order or notify if it was objecting to Defendants' proposed stipulations of fact and exhibits.

At this time, there are two proposals drafted by the respective parties but there is no single integrated document to be filed by the Court pursuant to Judge Hurley's Individual Rules or the order dated April 16, 2009. Again, the Order does not call for the filing of the separate proposals but rather requires one proposed joint pre-trial order. The Plaintiffs' filing of their proposal with the Court on July 13, 2009 was a departure from the Court's order and rules of practice.

Based on the foregoing, Defendants respectfully submit that they have established good cause that they have not violated an order of the Court. Defendants further submit that since Plaintiffs have not provided any objections to Defendants' proposed stipulated facts and exhibits, that Defendants' proposals should be considered the joint proposal, and, accordingly, Defendants be given leave to file their proposal as the proposed joint pre-trial order.

Very truly,

MILMAN LABUDA LAW GROUP PLLC

Perry S. Heidecker, Esq.

Cc: Harry Thommason, Esq. via ECF
    Sharon Simon, Esq. via ECF