UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPHINE CARONIA,

                        Plaintiff,

                  -against-

HUSTEDT CHEVROLET, INC., *et al.*,

                        Defendants.
------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 05-3526 (DRH)

**ORENSTEIN, MICHAEL, L., U.S. Magistrate Judge:**

This matter has been referred to the undersigned by District Judge Denis R. Hurley for the purpose of issuing a report and recommendation regarding the plaintiff's application for a preliminary injunction. See Dkt. Entry 154. The court has reviewed the plaintiff's application, the defendants' opposition papers, the plaintiff's reply, the plaintiff's supplemental brief and the defendants' opposition thereto. Upon careful consideration of the above submissions, the undersigned respectfully reports and recommends that the request for injunctive relief be denied.

## PLAINTIFF'S APPLICATION

Plaintiff moved by order to show cause for a temporary restraining order and preliminary injunction enjoining the defendants from, *inter alia*, selling or otherwise disposing of any property, real or personal, including all personal and corporate bank accounts with a value of $1,000 or greater. See Dkt. Entry 154, dated September 1, 2009. Plaintiff contends that the defendants are dissipating or intend to dissipate assets in order to frustrate any judgment that plaintiff may ultimately recover in this case.

It is undisputed that the defendants have closed all of the corporate defendants currently or formerly in this case and that, Hustedt Hyundai and the real property upon which it is located

is about to be sold and the proceeds of such sale are going to be used to pay defendant Charles Chalom's personal debts and/or debts arising from other corporations that he controls.[1] See Aff. of H. Thomasson, Esq., dated August 31, 2009. Indeed, defendant Chalom acknowledges that there are outstanding New York State tax warrants and federal tax liens because he and his various businesses owe the New York State Department of Taxation and Finance approximately $2.4 million and the Internal Revenue Service $549,000. See Aff. of C. Chalom, dated September 8, 2009. In addition, defendant Chalom acknowledges mortgage obligations to Maspeth Savings and Loan Association in the principal amount of $1.7 million, to Capstar Financial Services, Inc., in the principal amount of approximately $1.9 million and on his personal residence in excess of $2.5 million. Id. Finally, defendant Chalom states that he owes the Ford Motor Company and its financial arm, Ford Motor Credit, in excess of $1 million. Id. Defendant Chalom states that he hopes to raise enough capital from the sale of the assets at issue to pay the state and federal taxes owed as well as his various creditors. Id. According to the plaintiff, given the defendants' stated intention to sell his assets and use such funds to pay his tax and other obligations, injunctive relief is warranted to preserve the defendants' assets so that she may satisfy any potential judgment in her favor at the conclusion of this case.

Judge Hurley denied the request for a temporary restraining order on August 31, 2009 and adhered to that decision by order dated September 1, 2009 upon consideration of additional authority cited by the plaintiff. See Orders, dated August 31, 2009 and September 1, 2009, Hurley, D.J.

---

[1] Mr. Chalom is sued herein individually and in his official capacity as owner and/or agent of Hustedt Chevrolet, Inc. and Hustedt Hyundai, Inc.

## DISCUSSION

As a threshold matter, there is no dispute as to the relevant facts controlling the determination of whether a preliminary injunction should issue in this case. Accordingly, because the question presented to the court is solely a question a question of law, an evidentiary hearing is not required. See, e.g., Charette v. Town of Oyster Bay, 159 F.3d 749 (2d Cir. 1998) ("An evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record) (citations omitted); Queens County Republican Committee v. New York State Board of Elections, 222 F. Supp.2d 341, 346 (E.D.N.Y. 2002). Indeed, assuming *arguendo* that there was a factual dispute, even if the court were to credit the plaintiff's version of the facts there is still no basis for injunctive relief for the reasons that follow.

Pursuant to Federal Rule of Civil Procedure 64, provisional remedies are available during the pendency of an action in federal court in the manner provided by the law of the state in which the district court sits. Lane v. Jacobs, CV 09-447, 2009 WL 1047533, at *2 (N.D.N.Y April 16, 2009) (citing Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214, 218-19 (2d Cir. 2006)); see also Fed. R. Civ. P. 64(a) and (b). New York C.P.L.R. § 6201 provides for the provisional remedy of attachment and requires that a plaintiff seeking attachment must show:

> . . . (3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts . . .

N.Y. C.P.L.R. § 6201(3).[2]

The gravamen of the plaintiff application is that she, as an unsecured creditor, seeks the courts assistance in preserving the defendants' assets in the event that she ultimately attains a judgment in her favor that is enforceable. Such assistance by the court is clearly inappropriate. See Credit Agricole Indoseuez v. Rossiyskiy Kredit Bank, 94 N.Y.2d 541, 546, 729 N.E.2d 683, 686, 708 N.Y.S.2d 26, 29 (N.Y. 2000) (citing Grupo Mexicano de Desarrollo, S.A v. Alliance Bond Fund, Inc., 527 U.S. 308, 119 S. Ct. 1961, 144 L. Ed.2d 319 (1999)); see also J.V.W. Investment LTD., v. Kelleher, 41 A.D.3d 233, 837 N.Y.S.2d 650 (1st Dep't 2007) (attachment should not give an unwarranted priority over defendants' other creditors) (citing Ames v. Clifford, 863 F. Supp. 175, 178 (S.D.N.Y. 1994)("the attachment merely gives plaintiff's an unwarranted priority over . . . other creditors, which 'is simply not the intended purpose of [CPLR] 6201'")); Reading & Bates Corp. v. National Iranian Oil Co., 478 F. Supp. 724, 726-27 (S.D.N.Y. 1979) ("[A]ttachment should issue only upon a showing that drastic action is required for security purposes")).

At its core, the plaintiff's action is one for money damages. This court is unaware of any exception to the well-established rule that a preliminary injunction is not available in an action for money damages in such circumstances and the plaintiff - - though given an opportunity to bring such authority to the court's attention - - has not done so. See Order, dated September 15, 2009, Orenstein, M.J. Moreover, in the event that the plaintiff receives a judgment against Mr. Chalom and/or the corporate defendants at the conclusion of this case, it is clear that the plaintiff may reach any of his or the corporate defendants' assets in satisfaction of that judgment. Indeed,

---

[2]Given plaintiff's exclusive reliance on subsection (3) of C.P.L.R. § 6201, the court similarly limits its analysis to this section. See, e.g., Plaintiff's Mem. of Law in Support of TRO, at p.7.

real property unencumbered by mortgage liens, including Mr. Chalom's personal residence, is certainly an asset that plaintiff may execute her judgment against should the need arise. Accordingly, for these reasons, the undersigned respectfully recommends that the plaintiff's application for a preliminary injunction be denied.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of receipt of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992).

Dated: Central Islip, New York
October 5, 2009

MICHAEL L. ORENSTEIN
United States Magistrate Judge